UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN ALLEN SCOTT,

       Petitioner,                            CASE NO. 2:06-CV-13497

v.                                      HON. LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

       Respondent.

_____/

<u>**OPINION AND ORDER OF SUMMARY DISMISSAL**</u>

Lynn Allen Scott, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree criminal sexual conduct, M.C.L.A. 750.520g(1); resisting and obstructing a police officer, M.C.L.A. 750.479; and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court on August 6, 1999 and received concurrent sentences of three to twenty years and three to fifteen years in prison on the same day. The Michigan Court of Appeals dismissed petitioner's delayed application for leave to appeal as being untimely. *People v. Scott*, No. 231581 (Mich. Ct. App.

1

January 19, 2001).  Petitioner did not file an application for leave to appeal in the Michigan Supreme

Court.

Petitioner filed a motion for re-sentencing in the trial court on December 13, 2001.  After the

trial court denied the motion, petitioner filed an application for leave to appeal, which was denied

by the Michigan Court of Appeals on November 6, 2002. *People v. Scott,* No. 243980 (Mich.Ct.App.

November 6, 2002). [1]  Petitioner never filed an application for leave to appeal with the Michigan

Supreme Court.   The instant petition was signed and dated July 13, 2006. [2]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v.*

*Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for

summary judgment, the non-moving party must set forth specific facts sufficient to show that a

reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to

habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of

limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant

---

[1]  Respondent incorrectly indicates that the Michigan Court of Appeals denied petitioner's application for leave to appeal on January 6, 2002 and petitioner did not dispute this date in his response to respondent's motion. However, this Court has reviewed the Michigan Court of Appeals' website and has learned that petitioner's appeal was actually denied on November 6, 2002.  A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).  However, even giving petitioner the benefit of this later date, his current petition is untimely.

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 13, 2006, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2

to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Giving petitioner the benefit of all doubts, it appears that the last action in the state courts involving petitioner's case took place on November 6, 2002, when the Michigan Court of Appeals denied petitioner's application for leave to appeal the denial of his motion for resentencing.  Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, at the latest, on January 1, 2003, fifty six days after the Michigan Court of Appeals denied his appeal. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).  Petitioner therefore had until January 1, 2004 at the latest to file his petition for writ of habeas corpus with this Court.  Because the instant petition was not filed until July 13, 2006, petitioner's habeas application is untimely unless the limitations period is somehow tolled.

3

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt*, 337 F. 3d 638, 642 (6th Cir. 2003).

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-767 (E.D. Mich. 2002). Nor is petitioner entitled to the appointment of counsel in this matter, as he appears to have requested in his answer to respondent's motion. Courts may appoint counsel to represent a habeas petitioner for the purpose of litigating the applicability of the AEDPA's limitations period to their case where the habeas petition lends itself to the interpretation that rare and exceptional circumstances may exist which would justify tolling the limitations period. *See Cantu-Tzin v. Johnson,* 162 F. 3d 295, 298 (5th Cir. 1998). Because the present habeas petition does not contain any allegations that would justify equitable tolling of the limitations period, the Court will deny petitioner's request for the appointment of counsel to assist with his habeas petition.

Petitioner also claims that a dismissal of his petition on limitations grounds would amount to a miscarriage of justice. To the extent that petitioner contends that his underlying claims should

be addressed because they are meritorious, this would not prevent his petition from being dismissed pursuant to § 2244(d). The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). Because petitioner's habeas application is untimely, this Court need not address the merits of petitioner's substantive claims.

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F. 3d 577, 601 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

## III. <u>ORDER</u>

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1). The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Lawrence P. Zatkoff<br>LAWRENCE P. ZATKOFF<br>UNITED STATES DISTRICT JUDGE

Dated: April 19, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 19, 2007.

5

s/Marie E. Verlinde
Case Manager
(810) 984-3290

6